887 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David T. HINEY, Defendant-Appellant.
 No. 88-4067.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges and LAWRENCE P. ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Defendant Hiney's lawyer moves to withdraw as counsel on appeal from the district court's judgment and sentence in this criminal case. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A Cincinnati, Ohio jury found Hiney guilty of one count of conspiracy to commit interstate transporation of stolen vehicles and of four counts of interstate transportation of stolen vehicles. 18 U.S.C. Secs. 371 and 2312 (1982). The district court sentenced Hiney to consecutive five year terms on counts one and two, plus five years each on counts three, four, and five, to run concurrently to each other and to the sentences on counts one and two.
 
 
 4
 On appeal, counsel filed an Anders brief. See Anders v. California, 386 U.S. 738, 744 (1967). Counsel notified Hiney that he could file a brief, but Hiney has not done so.
 
 
 5
 Counsel's Anders brief raises two issues concerning prior bad acts evidence. We hold that this evidence was properly admitted under Fed.R.Evid. 404(b) to show intent. See United States v. Blankenship, 775 F.2d 735, 739 (6th Cir.1985).
 
 
 6
 Counsel's third issue notes that the district court never explicitly ruled upon the admissibility of a hearsay statement made by a co-conspirator. See Fed.R.Evid. 104(a); United States v. Vinson, 606 F.2d 149, 153 (6th Cir.1979), cert. denied, 444 U.S. 1074 (1980). Here the record clearly shows evidence establishing the existence of a conspiracy. Moreover, the court correctly instructed the jury on the issue of conspiracy. Therefore, the failure of the district court to make a formal ruling on the motion was harmless error. See Fed.R.Crim.P. 52(a).
 
 
 7
 Finally, counsel mentions the admissibility of a tape recording in which only the voice of the Federal Bureau of Investigation agent can be heard. The general rule is that the admission of audible portions of a tape on which other portions are inaudible is a matter committed to the discretion of the trial court. United States v. Enright, 579 F.2d 980, 988 (6th Cir.1978). Here the FBI agent testified that defendant Hiney was the person on the other end of the conversation. Therefore, the district court did not abuse its discretion when it admitted the tape recording.
 
 
 8
 The motion to withdraw as counsel is granted. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation